SEALED BY ORD~
OF COURT

E-filing

# UNITED STATES DISTRICT COURT

FILED

## NORTHERN DISTRICT OF CALIFORNIA

AUG 16 2018

CLERK, SUSAN Y. SOONG
NORTHERN DISTRICT COURT
SAN JOSE, CALIFORNIA

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

vs

## Felina Roque, Loreta Dario a/k/a Loreta Flores, Lorena Gerasimov, Jaime Cortes, Abdelsalam Mogasbe and James Nickolopoulos

CR 18 00373 LHK NC

## INDICTMENT

| | |
|---|---|
| COUNT 1: | 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of Medicare Beneficiary |
| COUNTS 2-17: | 42 U.S.C. § 1320a-7b(b)(2)(A) – Payment of Remuneration for Referral of a Medicare Patient; 18 U.S.C. § 2 – Aiding and Abetting |
| COUNTS 18-26: | 42 U.S.C. § 1320a-7b(b)(1)(A) – Receipt of Remuneration for Referral of a Medicare Patient |
| COUNT 27: | 18 U.S.C. § 1512(b)(3) – Obstruction of Justice |

*A true bill.*

_____
*Foreperson*

*Filed in open court this* ___16___ *day of* __August__ *A.D. 201__8__*

_____
*United States Magistrate Judge*

*Bail. $* ___No bail arrest warrant/ as to all defendant__

ALEX G. TSE (CABN 152348)
United States Attorney



SEALED BY ORDER
OF COURT

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. **CR 18. 00373** LHK NC |
| Plaintiff, | |
| v. | VIOLATIONS:<br>18 U.S.C. § 371 - Conspiracy To Pay and Receive<br>Illegal Remunerations for Health Care Referrals;<br>42 U.S.C. §§ 1320a-7b(b)(1)(A), (b)(2)(A) - Illegal |
| FELINA ROQUE,<br>LORETA DARIO a/k/a LORETA FLORES,<br>LORENA GERASIMOV,<br>JAIME CORTES,<br>ABDELSALAM MOGASBE, and<br>JAMES NICKOLOPOULOS, | Remunerations for Health Care Referrals;<br>18 U.S.C. § 1512(b)(3) - Obstruction of Justice;<br>18 U.S.C. § 2 - Aiding and Abetting;<br>18 U.S.C. §§ 982(a)(7) and (b)(1), 981(a)(1)(C), 28<br>U.S.C. § 2461(c): - Criminal Forfeiture |
| Defendants. | SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges:

**Introductory Allegations**

At all times relevant to this Indictment, unless otherwise indicated:

1.     Home health care agencies commonly provide skilled nursing services at a patient's

residence in accordance with a plan of treatment typically prescribed by a physician.

2.     Medics Choice Home Health Care, Inc. ("Medics Choice") was a home health care

agency located in Milpitas, California, within the Northern District of California. It provided services to

INDICTMENT

1

patients of the federal Medicare program, and submitted claims for reimbursement to the Medicare program.

3.     Defendant FELINA ROQUE was the owner and Chief Executive Officer of Medics Choice.  ROQUE was also the owner and operator of other home health care agencies in California.

4.     Defendant JAIME CORTES was a physician who owned and operated a medical practice located in Oakland, California, within the Northern District of California.

5.     Defendant ABDELSALAM MOGASBE was a physician who owned and operated a medical practice located in San Jose, within the Northern District of California.

6.     Defendant JAMES NICKOLOPOULOS was a physician who owned and operated a medical practice located in San Francisco, California, within the Northern District of California.

7.     Defendant LORENA GERASIMOV was an employee of Medics Choice, holding the position of marketer and reporting directly to ROQUE.  As a marketer, GERASIMOV commonly obtained Medicare patients for Medics Choice from referring physicians, including defendants CORTES, MOGASBE, and NICKOLOPOULOS, and other individuals associated with medical providers that could refer beneficiaries.

8.     Defendant LORETA DARIO a/k/a LORETA FLORES (hereinafter, "DARIO") was an employee of Medics Choice, holding the position of marketer and reporting directly to ROQUE.  As a marketer, DARIO commonly obtained Medicare patients for Medics Choice from referring physicians, including defendant MOGASBE, and other individuals associated with medical providers that could refer beneficiaries.

9.     A person known to the Grand Jury as Employee 1 worked as a payroll processor and in human resources at Medics Choice.

10.    A person known to the Grand Jury as Employee 2 worked as an assistant at Medics Choice responsible for medical records and non-clinical case management.

11.    ROQUE had and controlled accounts at JP Morgan Chase Bank ("JP Morgan Chase") with account numbers ending xx8572, xx8263, and xx9870.

### The Medicare Program

12.    Medicare was a federal health care benefit program, affecting interstate commerce, that

INDICTMENT

provided benefits to individuals who were 65 years and older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a "Federal health care program" as referenced in Title 42, United States Code, Section 1320a-7b(b), and a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

13. Medicare had various programs that covered different types of benefits. The different programs were separated into parts. Covered benefits under Part A of Medicare included, among other things, medically necessary home health care services. Covered benefits under Part B of Medicare included, among other things, the certification of an individual for home health care services.

14. CMS contracted with private insurance companies to enroll, process, and pay Medicare claims. Noridian processed and paid Part B Medicare home health care services claims for CMS in Northern California during the relevant time period, and National Government Services processed and paid Part A Medicare home health care services claims for CMS in Northern California during the relevant time period.

15. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each beneficiary was given a unique health insurance claim number.

16. Health care providers that provided medical services that were reimbursed by Medicare were referred to as Medicare "providers." To participate in Medicare, providers, including home health agencies ("HHAs"), were required to submit applications in which the providers agreed to comply with all Medicare-related laws and regulations, including the anti-kickback statute (42 U.S.C. § 1320a-7b(b)), which proscribes the offering, payment, solicitation, or receipt of any remuneration in exchange for a patient referral or referral of other business for which payment may be made by any federal health care program. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number," which was used for the processing and payment of claims.

17. A health care provider with a Medicare provider number could submit claims to Medicare to obtain reimbursement for services rendered to Medicare beneficiaries.

18. Most providers submitted their claims electronically pursuant to an agreement they executed with Medicare in which the providers agreed that: (a) they were responsible for all claims

INDICTMENT

submitted to Medicare by themselves, their employees, and their agents; (b) they would submit claims only on behalf of those Medicare beneficiaries who had given their written authorization to do so; and (c) they would submit claims that were accurate, complete, and truthful.

## Home Health Care Services

19. HHAs who provided services to Medicare beneficiaries, including Medics Choice, could submit claims for reimbursement to the Medicare program. Medicare would cover home health care services only if, among other requirements, the Medicare beneficiary was homebound; the beneficiary needed skilled nursing services on an intermittent basis, or physical, speech pathology, or occupational therapy services; the beneficiary was under the care of a qualified physician; and a Plan of Care (CMS Form 485) was established by a physician.

20. A Medicare claim for payment was required to set forth, among other things, the following: the beneficiary's name and unique Medicare identification number; the type of services provided to the beneficiary; the date that the services were provided; and the name and Medicare provider number of the attending physician who established the plan of care.

COUNT ONE:     (18 U.S.C. § 371 - Conspiracy To Pay and Receive Remuneration
                        for the Referral of Medicare Beneficiary)

21. The factual allegations contained in paragraphs 1 through 20 are re-alleged and incorporated as if fully set forth here:

22. Beginning no later than in or around April 2013, and continuing through at least in or around May 2017, in Santa Clara County, within the Northern District of California, and elsewhere, the defendants,

FELINA ROQUE,
LORETA DARIO a/k/a LORETA FLORES,
LORENA GERASIMOV,
JAIME CORTES,
ABDELSALAM MOGASBE, and
JAMES NICKOLOPOULOS,

and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offenses against the United States:

   a.     Knowingly and willfully soliciting or receiving remuneration in return for referring an

INDICTMENT

4

individual to a person for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A); and,

b.      Knowing and willfully offering to pay or paying any remuneration to any person to induce such person to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

### The Manner and Means of the Conspiracy

23.     The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

a.      Defendants ROQUE, DARIO, and GERASIMOV developed relationships with certain physicians and other individuals that could refer beneficiaries to Medics Choice, including defendants CORTES, MOGASBE, and NICKOLOPOULOS, whereby such physicians and other individuals associated with medical providers would refer Medicare beneficiaries to Medics Choice to receive home health care services. Medics Choice would then bill Medicare for these services.

b.      In order to pay a kickback to defendant CORTES, defendant MOGASBE, defendant NICKOLOPOULOS, and other individuals that provided referrals to Medics Choice, defendant ROQUE would commonly withdraw, or cause to be withdrawn, cash from her bank accounts at JP Morgan Chase ending xx8572 and xx8263 and provide the cash to employees with a "marketing" role at Medics Choice, such as defendant GERASIMOV and defendant DARIO.

c.      In some instances, ROQUE would pay for the referral of beneficiaries with a check drawn on her bank account at JP Morgan Chase xx9870.

d.      In exchange for the Medicare referrals, ROQUE, DARIO, and GERASIMOV would then pay, or cause to be paid, to the referring physicians and individuals, including defendants CORTES, MOGASBE, and NICKOLOPOULOS a kickback of approximately $250 to $700 for each Medicare beneficiary referred to Medics Choice. In some instances, kickbacks were paid as

INDICTMENT

1    a flat monthly rate of approximately $2,000 to $3,500 for all referrals made in that month.

2    e.    To keep track of the kickback payments that Medics Choice made and owed to defendant

3    CORTES, defendant MOGASBE, defendant NICKOLOPOULOS, and other individuals that

4    referred beneficiaries, defendant ROQUE and employees working at ROQUE's direction,

5    including Employee 1, would maintain spreadsheets. The spreadsheets commonly listed each

6    Medicare beneficiary referred to Medics Choice and the amount owed to the referring physician

7    as a result of the referral. Defendant ROQUE commonly instructed employees working at her

8    direction not to save the spreadsheets on the hard drives of any computers, and instead, to save

9    them on removable devices such as thumbdrives or cloud-based programs.

10    24.    From in or around April 2013 to in or around July 2017, defendants ROQUE, CORTES,

11    MOGASBE, and NICKOLOPOULOS caused Medics Choice to submit claims to Medicare for home

12    health care services purportedly provided by Medics Choice to beneficiaries referred by CORTES,

13    MOGASBE, and NICKOLOPOULOS. On the basis of those claims, Medicare paid Medics Choice a

14    total amount of approximately $4,200,000 for home health care services.

15                                            **Overt acts**

16    25.    In furtherance of the conspiracy and to accomplish its objects, defendants ROQUE,

17    DARIO, GERASIMOV, CORTES, MOGASBE, and NICKOLOPOULOS, and others known and

18    unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts,

19    among others, within the Northern District of California and elsewhere:

20                a.    Overt Act No. 1:  On or about December 4, 2015, defendant ROQUE withdrew

21                      $7,000 in cash from her account at JP Morgan Chase to make kickback payments.

22                b.    Overt Act No. 2: On or about December 4, 2015, defendant CORTES received

23                      $4,200 in cash as a kickback for referring patients to Medics Choice.

24                c.    Overt Act No. 3:  On or about August 27, 2015, defendant DARIO received

25                      approximately $1,400 in cash from ROQUE to be used as remuneration for the

26                      referral of Medicare beneficiaries.

27                d.    Overt Act No. 4:  On or about August 27, 2015, defendant CORTES received

28                      approximately $700 in cash as a kickback.

INDICTMENT

e. Overt Act No. 5: On or about February 5, 2016, defendant GERASIMOV received approximately $3,150 in cash from ROQUE to be used as remuneration for the referral of Medicare beneficiaries.

f. Overt Act No. 6: Medics Choice purported to have begun providing home health care services beginning no later than on or about February 5, 2016, to beneficiaries R.S., H.S., I.F., F.D., L.T., D.D., P.P., B.P., and M.G. after paying a kickback of $350 for the referral of each beneficiary.

g. Overt Act No. 7: On or about May 15, 2015, defendant NICKOLOPOULOS received approximately $2,700 in cash from defendant GERISOMAV as a kickback for his referral of beneficiaries to Medics Choice.

h. Overt Act No. 8: On or about October 1, 2015, defendant MOGASBE received approximately $2,500 in cash from Medics Choice as a kickback for his referral of beneficiaries to Medics Choice.

i. Overt Act No. 9: On or about January 21, 2016, defendant CORTES received approximately $5,500 in cash as a kickback for his referral of beneficiaries to Medics Choice.

j. Overt Act No. 10: Medics Choice purported to have begun providing home health care services beginning no later than on or about January 21, 2016, to beneficiaries H.M., G.M., M.S., C.P.1, P.O., D.S., D.O., K.V., J.I., R.J., A.L., J.J., D.J., S.A., C.P.2, R.D., E.B., P.O., L.M., J.F., B.P., and L.B. after paying a kickback of $250 for the referral of each beneficiary.

k. Overt Act No. 11: On or about February 12, 2016, defendant ROQUE withdrew $5,000 in cash from her account at JP Morgan Chase to make kickback payments.

l. Overt Act No. 12: On or about February 12, 2016, defendant GERASIMOV received approximately $4,750 in cash from ROQUE to be used as remuneration for the referral of Medicare beneficiaries.

m. Overt Act No. 13: Medics Choice purported to have begun providing home health care services beginning no later than on or about February 12, 2016, to beneficiaries

| | D.P., J.H., S.S., J.J., E.D., P.R., D.M., M.C., S.K., A.P., and M.J. after paying a kickback of $350 for the referral of each beneficiary. |
| --- | --- |

n.   Overt Act No. 14:  Medics Choice purported to have begun providing home health care services beginning no later than on or about February 12, 2016, to beneficiaries B.K. and J.K. after paying a kickback of $450 for the referral of each beneficiary.

o.   Overt Act No. 15:  On or about January 29, 2016, defendant ROQUE withdrew $10,000 in cash from her account at JP Morgan Chase to make kickback payments.

p.   Overt Act No. 16:  On or about January 29, 2016, defendant GERASIMOV received approximately $1,350 in cash from ROQUE to be used as remuneration for the referral of Medicare beneficiaries.

q.   Overt Act No. 17:  Medics Choice purported to have begun providing home health care services beginning no later than on or about January 29, 2016, to beneficiaries H.Y., E.D., and G.F. after paying a kickback of $450 for the referral of each beneficiary.

r.   Overt Act No. 18:  On or about June 1, 2015, defendant ROQUE paid $2,000 for the referral of beneficiaries by writing a check from account JP Morgan Chase xx9870 to defendant MOGASBE.

All in violation of 18 U.S.C. § 371.

COUNTS TWO THROUGH SEVENTEEN:  (42 U.S.C. § 1320a-7b(b)(2)(A)—Payment of Remuneration for Referral of a Medicare Patient; 18 U.S.C. § 2—Aiding and Abetting)

26.     The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 20 and 23 through 25 of this Indictment as though set forth in their entirety herein.

27.     On or about the dates set forth below, in Santa Clara County, within the Northern District of California, and elsewhere, the defendants,

FELINA ROQUE,<br>
LORETA DARIO a/k/a LORETA FLORES, and<br>
LORENA GERASIMOV,

together with others known and unknown to the Grand Jury, knowingly and willfully paid remuneration, namely, cash in the amounts identified below, drawn on co-conspirator ROQUE's accounts at JP

INDICTMENT

Morgan Chase ending xx8572 and xx8362, which constituted kickbacks to defendants CORTES, MOGASBE, NICKOLOPOULOS, other referring physicians, and individuals associated with medical providers, for referring beneficiaries to Medics Choice for home health care services, for which payment could be made in whole and in part under a Federal health care program, namely, Medicare:

| COUNT | DEFENDANTS | DATE | AMOUNT | ACCOUNT DRAWN ON |
|-------|-----------|------|--------|-------------------|
| TWO | ROQUE | 5/8/2015 | $6,000 | JPMC xx8572 |
| THREE | ROQUE | 5/15/2015 | $6,500 | JPMC xx8572 |
| FOUR | ROQUE | 6/26/2015 | $2,700 | JPMC xx8572 |
| FIVE | ROQUE | 9/3/2015 | $2,000 | JMPC xx8263 |
| SIX | ROQUE | 9/4/2015 | $900 | JMPC xx8263 |
| SEVEN | ROQUE | 10/1/2015 | $2,500 | JMPC xx8263 |
| EIGHT | ROQUE | 10/30/2015 | $2,500 | JMPC xx8263 |
| NINE | ROQUE | 11/5/2015 | $2,800 | JMPC xx8263 |
| TEN | ROQUE | 12/4/2015 | $6,800 | JPMC xx8572 |
| ELEVEN | ROQUE | 1/21/2016 | $5,500 | JMPC xx8263 |
| TWELVE | ROQUE DARIO | 12/4/2015 | $350 | JPMC xx8572 |
| THIRTEEN | ROQUE DARIO | 10/1/2015 | $1,400 | JMPC xx8263 |
| FOURTEEN | ROQUE DARIO | 8/27/2015 | $1,400 | JPMC xx8572 |
| FIFTEEN | ROQUE GERASIMOV | 1/29/2016 | $1,350 | JMPC xx8263 |
| SIXTEEN | ROQUE GERASIMOV | 2/12/2016 | $4,750 | JPMC xx8572 |
| SEVENTEEN | ROQUE GERASIMOV | 2/5/2016 | $3,150 | JMPC xx8263 |

Each in violation of 42 U.S.C. § 1320a-7b(b)(2)(A) and 18 U.S.C. § 2.

//

INDICTMENT

COUNTS EIGHTEEN THROUGH TWENTY-SIX: (42 U.S.C. § 1320a-7b(b)(1)(A)—Receipt of Remuneration for Referral of a Medicare Patient)

28. The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 20 and 23 through 25 of this Indictment as though set forth in their entirety herein.

29. On or about the dates set forth below, in Santa Clara County, within the Northern District of California, and elsewhere, the defendants

JAIME CORTES,
ABDELSALAM MOGASBE, and
JAMES NICKOLOPOULOS,

and others known and unknown to the Grand Jury, knowingly and willfully received remuneration, namely, cash and checks in the amounts identified below, drawn on co-conspirator ROQUE's JP Morgan Chase accounts xx8572 and xx8263 and provided to the defendants identified below, which constituted kickbacks received by the defendants identified below for referring beneficiaries to Medics Choice for home health care services, for which payment could be made in whole and in part under a Federal health care program, namely, Medicare:

| COUNT | DEFENDANT | DATE | AMOUNT |
|-------|-----------|------|--------|
| EIGHTEEN | NICKOLOPOULOS | 5/8/2015 | $4,500 cash |
| NINETEEN | NICKOLOPOULOS | 5/15/2015 | $2,700 cash |
| TWENTY | NICKOLOPOULOS | 6/26/2015 | $2,700 cash |
| TWENTY-ONE | MOGASBE | 9/3/2015 | $2,000 cash |
| TWENTY-TWO | MOGASBE | 10/1/2015 | $2,500 cash |
| TWENTY-THREE | MOGASBE | 10/30/2015 | $2,500 cash |
| TWENTY-FOUR | CORTES | 9/4/2015 | $900 cash |
| TWENTY-FIVE | CORTES | 11/5/2015 | $2,800 cash |

INDICTMENT

| TWENTY-SIX | CORTES | 1/21/2016 | $5,500 cash |
|------------|--------|-----------|------------|

Each in violation of 42 U.S.C. § 1320a-7b(b)(1)(A) and 18 U.S.C. § 2.

COUNT TWENTY-SEVEN: (18 U.S.C. § 1512(b)(3)—Obstruction of Justice)

30.     The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 20 and 23 through 25 of this Indictment as though fully set forth herein.

31.     Beginning in or around December 2015, the Federal Bureau of Investigation began an investigation of defendant ROQUE and Medics Choice, which continued up to and through the date of this Indictment.

32.     On or about April 10, 2017, in Santa Clara County, within the Northern District of California, defendant,

FELINA ROQUE,

did knowingly intimidate, threaten, and corruptly persuade Employee 1 and Employee 2, with the intent to hinder, delay, and prevent Employee 1 and Employee 2 communicating to law enforcement officers, namely the Federal Bureau of Investigation, information relating to the commission and possible commission of Federal offenses, namely, conspiracy to willfully pay and receive remuneration for the referral of Medicare beneficiary, in violation of Title 18, United States Code, Section 371, and willful payment of remuneration for the referral of Medicare beneficiary, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A).

All in violation of Title 18, United States Code, Section 1512(b)(3).

FIRST FORFEITURE ALLEGATION:          (18 U.S.C. §§ 982(a)(7) and (b)(1), 28 U.S.C. § 2461(c)
                                      – Criminal Forfeiture)

1.     The allegations contained in paragraphs 1 through 31 of this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(7) and (b)(1) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction for any of the offenses alleged in Counts One through Twenty-Six of this Indictment, the defendants,

INDICTMENT

FELINA ROQUE,
LORETA DARIO a/k/a LORETA FLORES,
LORENA GERASIMOV,
JAIME CORTES,
ABDELSALAM MOGASBE, and
JAMES NICKOLOPOULOS,

shall forfeit to the United States pursuant to 18 U.S.C. §§ 982(a)(7) and (b)(1) and 28 U.S.C. § 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to a forfeiture money judgment in an amount equal to the total proceeds obtained by the defendant from the commission of the offense.

3.    If any of the aforementioned property, as a result of any act or omission of the defendant–

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p).

All in violation of Title 18, United States Code, Sections and 982(a)(7) and (b)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

SECOND FORFEITURE ALLEGATION:    (18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.    The allegations contained in paragraphs 1 through 31 of this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction for any of the offense alleged in Count Twenty-Seven of this Indictment, the defendant,

FELINA ROQUE,

shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), all

INDICTMENT

property, real or personal, that constitutes or is derived from proceeds traceable to the offense, including but not limited to a forfeiture money judgment in an amount equal to the total proceeds obtained by the defendant from the commission of the offense.

      3.    If any of the aforementioned property, as a result of any act or omission of the defendant–

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p).

All in violation of Title 18, United States Code, Sections and 982(a)(7) and (b)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: ___8-16-18___

A TRUE BILL

_____
FOREPERSON

ALEX G. TSE
United States Attorney

_Barbara J. Valliere_
_____
BARBARA J. VALLIERE
Chief, Criminal Division

Approved as to form:

_____
PATRICK R. DELAHUNTY
Assistant United States Attorney

INDICTMENT

13

SEALED BY ORDER OF COURT

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of a Medicare Beneficiary
COUNTS 2-17: 42 U.S.C. § 1320a-7b(b)(2)(A) – Payment of Remuneration for Referral of a Medicare Patient; 18 U.S.C. § 2 – Aiding and Abetting
COUNT 27: 18 U.S.C. § 1512(b)(3) – Obstruction of Justice

PENALTY:
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**CR**

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION **FILED**

### DEFENDANT - U.S

**AUG 16 2018**

▶ FELINA ROQUE
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DISTRICT COURT NUMBER
**00373** **LHK** NC

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form          ALEX G. TSE
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)          AUSA PATRICK DELAHUNTY

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed? ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:          Before Judge:

Comments:          **Δ1**

See Amended filed 8/21/18

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $25,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties

| | |
|---|---|
| Imprisonment | 20 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

△1

SEALED BY ORDER OF COURT

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
              ☐ SUPERSEDING

—— OFFENSE CHARGED ——

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of Medicare Beneficiary

COUNTS 2-17: 42 U.S.C. § 1320a-7b(b)(2)(A) – Payment of Remuneration for Referral of a Medicare Patient; 18 U.S.C. § 2 – Aiding and Abetting

PENALTY:
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**CR 18 00373 HK**    NC

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

AUG 16 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

—— DEFENDANT - U.S ——

▶ LORETA DARIO a/k/a LORETA FLORES

DISTRICT COURT NUMBER

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    }   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer ☐ Yes   } If "Yes" give date filed
been filed? ☐ No

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)
FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO.
    ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    ALEX G. TSE
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    AUSA PATRICK DELAHUNTY

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:   See Amended filed   8/21/18    AD

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $25,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties

| | |
|---|---|
| Imprisonment | 20 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

A2

AO 257 (Rev. 6/78)

SEALED BY ORDER OF COURT

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of Medicare Beneficiary

COUNTS 2-17: 42 U.S.C. § 1320a-7b(b)(2)(A) – Payment of Remuneration for Referral of a Medicare Patient; 18 U.S.C. § 2 – Aiding and Abetting

PENALTY:
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED

AUG 16 2018

SUSAN Y SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### DEFENDANT - U.S.

▶ LORENA GERASIMOV

DISTRICT COURT NUMBER

CR 18 00373 LHK  NC

### DEFENDANT

#### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

#### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction     ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   } If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:       SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant       MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form       ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)       AUSA PATRICK DELAHUNTY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:       Before Judge:

Comments:  See Amended Filed 8/21/18

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties
| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties
| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $25,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties
| | |
|---|---|
| Imprisonment | 20 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |



AO 257 (Rev. 6/78)

~~SEALED BY ORDER OF COURT~~

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of Medicare Beneficiary

COUNTS 18-26: 42 U.S.C. § 1320a-7b(b)(2)(A) – Receipt of Remuneration for Referral of a Medicare Patient

PENALTY:
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
AUG 16 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

— DEFENDANT - U.S —

JAIME CORTES

DISTRICT COURT NUMBER

CR 18 00373 LHK

NC

— DEFENDANT —

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form     ALEX G. TSE
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     AUSA PATRICK DELAHUNTY

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes" give date filed
been filed? ☐ No

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:     See Amended     filed 8/21/18

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties
| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties
| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $25,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties
| | |
|---|---|
| Imprisonment | 20 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

AO 257 (Rev. 6/78)

~~SEALED BY ORDER OF COURT~~

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive Remuneration for the Referral of Medicare Beneficiary

COUNTS 18-26: 42 U.S.C. § 1320a-7b(b)(2)(A) – Receipt of Remuneration for Referral of a Medicare Patient

PENALTY: SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

### DEFENDANT - U.S.

▶ ABDELSALAM MOGASBE

*FILED*

DISTRICT COURT NUMBER

AUG 16 2018

**CR 18 00373 HK**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   } If "Yes" give date filed
☐ No

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form  ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA PATRICK DELAHUNTY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:  See Amended filed 8/21/18

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties

| | |
|---|---|
| Imprisonment | 5 yrs |
| Fine | $25,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties

| | |
|---|---|
| Imprisonment | 20 yrs |
| Fine | $250,000 |
| Supervised Release | 3 yrs |
| Special Assessment | $100 |

AO 257 (Rev. 6/78)

SEALED BY ORDER
OF COURT

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

COUNT 1: 18 U.S.C. § 371 – Conspiracy To Pay and Receive
Remuneration for the Referral of Medicare Beneficiary

COUNTS 18-26: 42 U.S.C. § 1320a-7b(b)(2)(A) – Receipt of
Remuneration for Referral of a Medicare Patient

PENALTY:   SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

F I L E D

AUG 16 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

—— DEFENDANT - U.S ——

▶ JAMES NICKOLOPOULOS

DISTRICT COURT NUMBER

CR 18    00373 LHK NC

—— DEFENDANT ——

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction                    } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes     } If "Yes"
been filed?   ☐ No          give date filed

DATE OF ▶           Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶     Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:                              SHOW
                                    DOCKET NO.
   ☐ U.S. ATTORNEY   ☐ DEFENSE   }

☐ this prosecution relates to a
   pending case involving this same
   defendant                       MAGISTRATE
                                    CASE NO.
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this   }
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form      ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      AUSA PATRICK DELAHUNTY

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:    See Amended  Filed 8/21/18  AG

COUNT 1: Conspiracy to Pay or Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371

Penalties
Imprisonment          5 yrs
Fine                  $250,000
Supervised Release    3 yrs
Special Assessment    $100

COUNTS 2-17: Payment of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A)

and

COUNTS 18-26: Receipt of Health Care Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A)

Penalties
Imprisonment          5 yrs
Fine                  $25,000
Supervised Release    3 yrs
Special Assessment    $100

COUNT 27: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3)

Penalties
Imprisonment          20 yrs
Fine                  $250,000
Supervised Release    3 yrs
Special Assessment    $100