United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

FELINA ROQUE,

Defendant.

Case No.18-cr-00373-LHK

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE GOVERNMENT EXPERT WTINESSES**

Re: ECF Nos. 292, 293, and 294

On July 14, 2021, Defendant Abdelsalam Mogasbe ("Mogasbe") moved to exclude the expert testimony of four prosecution witnesses: Christa Shipman, Laura Brown, Dustin Wen, and Mary Ann King (collectively, "the witnesses"). ECF No. 292 ("Mot."). On July 15, 2021, Defendant Jaime Cortes moved to join Mogasbe's motion to exclude expert testimony. ECF No. 293. On July 17, 2021, Defendant James Nickolopoulos also moved to join Mogasbe's motion. ECF No. 294. On July 21, 2021, the United States of America ("the Government") filed an opposition to Mogasbe's motion. ECF No. 295 ("Opp."). On July 28, 2021, Mogasbe filed a reply in support of his motion. ECF No. 298 ("Reply").

Having considered the filings of the parties, the relevant law, and the record in this case,

the Court denies Mogasbe's motion to exclude the witnesses' expert testimony.

Defendants Mogasbe, James Nickolopoulos, and Jaime Cortes (collectively, "Defendants") move to exclude the expert testimony of Christa Shipman and Laura Brown (collectively, "the Medicare Representatives"); Dustin Wen; and Mary Ann King. Mot.; ECF No. 293; ECF No. 294. Defendants argue that any expert testimony elicited by the Medicare Representatives, Dustin Wen, and Mary Ann King would be irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 403, and 702. Mot. 3, 5, 7. Additionally, Defendants argue that the eighth topic about which the Government plans to call the Medicare Representatives to testify should be excluded because the Medicare Representatives are not qualified as experts to testify about how kickbacks affect the Medicare program. Mot. at 4,

In response, the Government argues that it plans to call the Medicare Representatives, Dustin Wen, and Mary Ann King only as fact witnesses. Opp. 2. Mogasbe's Reply notes that the Government concedes that Dustin Wen and Mary Ann King would only present fact witness testimony, so Defendants have no need to further address any challenges to Dustin Wen and Mary Ann King's supposed expert testimony.

First, the Court addresses the expert testimony of Dustin Wen and Mary Ann King. The Government argues that Dustin Wen and Mary Ann King testimony does not constitute expert testimony. Opp. 9. Defendants agree. Mot. 5, 7; Reply 6–7. Therefore, the Court DENIES as moot Defendants' motion to exclude the expert testimony of Dustin Wen and Mary Ann King.

Second, the Court addresses Topics 1–7 of the Medicare Representatives' proposed testimony. The Government states that the first seven topics about which the Medicare Representatives would testify would consist of testimony explaining (1) that the Medicare program is funded by federal tax dollars, (2) what home health services are and how they are provided to Medicare beneficiaries, (3) the process that home health companies and physicians must go through to become Medicare providers, (4) the claims submission process for home health care providers, (5) the documentation requirements for home health providers and doctors, (6) the

United States District Court
Northern District of California

contents of Medicare claims data for home health providers and physicians, and (7) how Medicare providers are reimbursed for claims that are submitted to Medicare for reimbursement. Opp. 2. Defendants object that this testimony is irrelevant and unfairly prejudicial under Federal Rule of Evidence 401, 403, and 702.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

In the instant case, Defendants are charged with violations of (1) conspiracy to pay and receive remuneration for referral of Medicare patients under 18 U.S.C. § 371, and (2) receipt of remuneration for referral of Medicare patients under 42 U.S.C. § 1320a-7b(b)(1)(A). Indictment, ECF No. 1. The Indictment specifically notes that the charged conspiracy to receive remuneration for referral of Medicare patients and the actual receipt of remuneration were connected to home health care services. *Id.* ¶ 23.

In the instant case, evidence regarding Medicare and how Medicare relates to home health care services is highly probative to the charges in the Indictment. The Government must prove to the jury that Defendants solicited or were paid a remuneration in exchange for "the referral of a patient insured by Medicare." Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 24.26 (2022) (formatting modified). Therefore, information about Medicare, Medicare services, and how those Medicare services are provided is "of consequence to determining the action" and tends "to make a fact more or less probable than it would be without evidence." Fed. R. Evid. 401. Indeed, it would be hard for the Government to make its case to the jury without describing how Medicare works. Moreover, the Indictment charges Defendants with

receipt of a remuneration for referring patients to home health care services. *See* Indictment, ECF No. 1 ¶ 23. Therefore, information about home health care services and their relationship to Medicare is also relevant to the Government's case.

It is also difficult to see how evidence regarding how Medicare interacts with home health care services is unfairly prejudicial to Defendants. Defendants argue that such information would "serve only to confuse the jury and waste time." Mot. 4. However, the Government's proposed evidence is likely to clarify issues for the jury. Moreover, the clarification that the Medicare Representatives' testimony would provide would not waste time because it would provide relevant background information for the jury.

Therefore, because Topics 1–7 of the Medicare Representatives' testimony is relevant and not unfairly prejudicial, Defendants' motion to exclude this testimony is DENIED.

Third, the Court addresses Topic 8 of the Medicare Representatives' proposed testimony. The Government submits that the Medicare Representatives will testify about two topics within Topic 8: (1) "what kickbacks are and how they affect the Medicare program, including how they have the potential to negatively affect patient choice and contribute to overutilization of services" and (2) "Medicare does not pay for home health services if the referrals for those services are obtained through kickbacks." Opp. 2.

Defendants do not present any specific objections to the second topic within Topic 8. Specifically, Defendants do not present specific arguments against the Medicare Representatives' explanation that Medicare does not pay for home health services if the referrals for those services are obtained through kickbacks. *See* Mot. 4. Moreover, as discussed above, information regarding the relationship between Medicare and home health services is relevant to the Government's case, which seeks to prove that Defendants conspired to receive remunerations for referring Medicare patients to home health care services. *See* Indictment, ECF No. 1. Additionally, such evidence is unlikely to confuse the jury or waste the jury's time. Therefore, Defendants' motion is DENIED with regards to the second topic within Topic 8.

Defendants present specific objections to the first topic within Topic 8. Specifically, Defendants argue that "abstract testimony regarding the evils of kickbacks and their alleged impact on Medicare and patients are not tied to the facts at issue in this case." Mot. 4. The Government argues that information about "the negative impacts kickbacks can have on the Medicare program" is admissible evidence because it tends to make Defendants' intent more or less likely at trial. Specifically, the Government argues that in order to prove that Defendants' acted willfully, the Government must prove that Defendants acted with a "'bad purpose' to disobey or disregard the law." Opp. 7 (citing *United States v. Awad*, 551 F.3d 930, 939 (9th Cir. 2009)).

The Court notes that there are two topics even within the first topic of Topic 8. First, the Government plans to call the Medicare Representatives to testify about "what kickbacks are." Opp. 2. Second, the Government plans to call the Medicare Representatives to testify about how kickbacks "affective the Medicare program, including how they have the potential to negatively affect patient choice and contribute to overutilization of services." Opp. 2.

As to the definition of "kickbacks," the Court agrees with the Government that the Medicare Representatives may testify as to "what kickbacks are" because it is relevant to the Government's Indictment. Specifically, the Government must show that the Defendants received remunerations (*i.e.*, "kickbacks") in exchange for referring Medicare patients to home health care services. The Government may present evidence that provides background facts to the jury, such as the definition of "kickback," to help the jury understand the Government's case. *See e.g.*, *United States v. Manzano*, 793 F. App'x 360, 365 (6th Cir. 2019) (explaining that lay testimony regarding the definition of "kickback" provided "simple background facts" about the Medicare program). Basic information about the definition of "kickback" can be properly admitted as lay testimony when it is rationally related to the witnesses' experience. *See id.*

Accordingly, the Court DENIES Defendants' motion to exclude testimony relating to the proposed Medicare Representatives' testimony regarding the definition of "kickback."



United States District Court
Northern District of California

As to the negative effects kickbacks might have on the Medicare system, the Court agrees that the Government must prove that Defendants acted willfully. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 24.26 (2022) (explaining that the first element of 42 U.S.C. § 1320a-7b(b)(1)(A) is that the defendant "knowingly and willfully" solicited or received a specific remuneration). However, the Government need not show that Defendants knew that soliciting or receiving remunerations in exchange for referring Medicare patients to home health care services would have a negative effect on the Medicare system in order to make its case. Instead, in order to prove that Defendants acted "willfully" or with a "bad purpose," the Government must simply convince the jury that Defendants "acted with the knowledge that their conduct was unlawful." *Awad*, 551 F.3d at 939 (quoting *Bryan v. United States*, 524 U.S. 184, 199 (1998)). In other words, the Government does not need to show why kickbacks have been made illegal in the Medicare context, only that Defendants knew that the behavior they have been charged with was illegal. *See id.*

Therefore, the Medicare Representatives may not testify about the negative repercussions of kickbacks on the entire Medicare system. Such testimony would not serve to prove an element of the Government's case but would only serve to prejudice the jury against Defendants. Therefore, Defendants' motion is GRANTED as to the proposed Medicare Representatives' testimony regarding the negative effects of kickbacks on the Medicare system.

**IT IS SO ORDERED.**

Dated: January 12, 2022

LUCY H. KOH
United States Circuit Judge[*]

[*] Sitting by designation on the United States District Court for the Northern District of California.